RECEIPT NUMBER
534943

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INERGI, L.L.C. d/b/a Inergi Fitness,
    a Delaware Limited Liability Company,

         Plaintiff,

v.

JOHN DALY ENTERPRISES, L.L.C
    a Florida Limited Liability Company,

         Defendant.

JUDGE : Friedman, Bernard A.
DECK  : S. Division Civil Deck
DATE  : 12/01/2005 @ 12:34:01
CASE NUMBER : 2:05CV74551
COMP INERGI V. JOHN DALY
ENTERPRISES (AWT)

MAGISTRATE JUDGE PAUL J. KOMIVES

_____/

TOM J. BERMAN (P67595)
Attorney for Plaintiff
30833 Northwestern Hwy, Suite 121
Farmington Hills, MI 48334
(248) 626-3955
_____/

## COMPLAINT

The Plaintiff, Inergi, L.L.C., ("Inergi"), d/b/a Inergi Fitness, by and through its attorney, Tom J. Berman, hereby files its Compliant against the Defendant, John Daly Enterprises, L.L.C. ("John Daly Enterprises"), and in support thereof, states of follows:

### JURISDICTION AND VENUE

1. This action arises under the trademarks laws of the United States (15 U.S.C. § 1051 et. seq. of the Lanham Act).

2. This Court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

4. Plaintiff Inergi is a limited liability company organized and existing under the laws of the State of Delaware. Its principal place of business is located at 304 Tequesta Drive, Suite 100, Tequesta, FL 33458.

5. Plaintiff Inergi markets, distributes, and sells exercise equipment, including but not limited to, a manually operated variable resistance apparatus for strengthening muscles. Inergi's exercise equipment is marketed and sold to customers throughout the United States, including residents of the State of Michigan.

6. Upon information and belief, Defendant John Daly Enterprises is a limited liability company organized and existing under the laws of the State of Florida. Its principal place of business is located at 290 S. Military Trail, Deerfield Beach, FL 33442.

7. Upon information and belief, Defendant John Daly Enterprises markets, sells and distributes, various golf products, including golf exercise and training devices, golf apparel, golf accessories, and golf memorabilia, as well as non-golf novelty products.

8. Upon information and belief, Defendant John Daly Enterprises markets, sells and distributes it products to customers throughout the United States, including residents of the State of Michigan. Its products are made available to consumers through various third party retail outlets having stores located in southeast Michigan and elsewhere.

9. Upon information and belief, Defendant John Daly Enterprises operates a website at www.johndaly.com through which it markets, sells, and distributes its products.

10. Upon information and belief, Defendant John Daly Enterprises also markets, sells,

2

and distributes its products through independently operated Internet websites.

11. Upon information and belief, John Daly Enterprises also markets, sells and distributes it products to consumers through its "John Daly Merchandising Trailer". The trailer operates as a retail-store-on-wheels, traveling to golf tournaments at which professional golfer John Daly is participating, including but not limited to, the Buick Open held at Warwick Hills Golf & Country Club located in Grand Blanc, Michigan. The trailer enables consumers to purchase products marketed, sold, and distributed by John Daly Enterprises.

## COMMON FACTUAL ALLEGATIONS

12. Plaintiff Inergi markets, distributes and sells its fitness equipment under various trademarks, including but not limited to the mark POWERBELT.

13. To protect the value and goodwill of its POWERBELT mark, Inergi obtained a United States federal registration for its mark. The POWERBELT mark is registered under U.S. Trademark Registration No. 2,163,562, registered June 9, 1998, for exercise equipment, namely, manually operated variable resistance apparatus for strengthening muscles.

14. Plaintiff Inergi's POWERBELT trademark registration is incontestable.

15. Plaintiff Inergi has the exclusive right, as the owner of U.S. Trademark Registration No. 2,163,562, to use the POWERBELT mark in connection with the goods identified in the federal registration.

16. Plaintiff Inergi has been using its POWERBELT mark continuously for at least the past 8 years. Throughout that time, Inergi has expended significant time, money, and effort establishing public recognition of its POWERBELT mark.

17. Plaintiff Inergi uses its POWERBELT mark in advertising and for promoting the sale and distribution of its products throughout the United States, and has established substantial consumer recognition of the POWERBELT mark and the goodwill associated with it.

18. Defendant John Daly Enterprises currently advertises and promotes a golf swing training and exercise device under the mark "Powerbelt". Upon information and belief, John Daly Enterprises markets and sells its golf training and exercise device to consumers through Internet websites independently operated by third party retailers. Upon Information and belief, John Daly Enterprises also markets and sells its golf swing device through stores operated by independent retailers.

19. Representatives of Plaintiff Inergi have contacted representatives of John Daly Enterprises on numerous occasions demanding that John Daly Enterprises immediately cease and desist from any and all use of Inergi's POWERBELT mark. Representative of John Daly Enterprises have responded by stating they do not consider John Daly Enterprises' use of the "Powerbelt" mark to be an infringement of Inergi's rights in the mark.

20. Defendant John Daly Enterprises' intentional and continued use of Plaintiff Inergi's trademark has prompted the filing of the present lawsuit.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

21. Plaintiff Inergi hereby adopts and incorporates by reference Paragraphs 1 through 20 above as though fully set forth herein.

22. Inergi owns a valid and subsisting federal trademark registration for the mark

POWERBELT, U.S. Registration No. 2,163,562, and enjoys all the rights associated therewith.

23. By advertising, distributing and selling its golf swing training and exercise device under the mark "Powerbelt", Defendant John Daly Enterprises has infringed on the rights enjoyed by Plaintiff Inergi under its federally registered POWERBELT mark. Such unlawful use by John Daly Enterprises has and is likely to cause confusion, deception, and/or mistake in violation of 15 U.S.C. § 1114.

24. Plaintiff Inergi has no adequate remedy at law.

25. Defendant John Daly Enterprises' unauthorized use of Plaintiff Inergi's POWERBELT mark has caused injury to Inergi in an amount not yet ascertained.

26. Plaintiff Inergi is entitled to those remedies provided under Title 15 of the United States Code.

## COUNT II
## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

27. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 26 above as though fully set forth herein.

28. Plaintiff Inergi's POWERBELT mark has come to be associated in the minds of the purchasing public with Inergi's exercise equipment and has achieved a requisite degree of celebrity in the minds of the purchasing public.

29. Defendant John Daly Enterprises' conduct wrongfully and falsely designates its goods as originating with or being affiliated with Inergi and constitutes the use of false description or false representation in interstate commerce.

30. The conduct of Defendant John Daly Enterprises is intended to and is likely to deceive, to cause mistake, or to cause confusion in members of the public who are wrongfully lead to believe that John Daly Enterprises' goods are associated or connected with Plaintiff Inergi, or that Inergi sponsors or approves the golf training device being advertised, sold and distributed by Defendant John Daly Enterprises.

31. The continued unauthorized use by Defendant John Daly Enterprises of the mark "Powerbelt" in relation to its golf training and exercise device is intended to cause, has caused, and will continue to cause, confusion and deception of the public to the serious irreparable harm of Plaintiff Inergi.

32. Defendant John Daly Enterprises' conduct thus deprives Plaintiff Inergi of its valid trademark rights and other rights against federal unfair competition, in violation of 15 U.S.C. § 1125(a).

33. By reason of the forgoing, Plaintiff Inergi has been injured in an amount not yet ascertained.

## COUNT III
## CYBERPIRACY UNDER 15 U.S.C. § 1125(d)

34. Plaintiff Inergi hereby adopts and incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein.

35. Upon information and belief, Defendant John Daly Enterprises operates an Internet website at www.johndalypowerbelt.com. The website is used to advertise, sell and distribute a golf swing training and exercise device under the mark "Powerbelt".

36. The domain name johndalypowerbelt.com incorporates Plaintiff Inergi's federally registered POWERBELT mark and is thus confusingly similar to Inergi's registered mark.

37. Upon information and belief, the johndalypowerbelt.com domain name was registered on October 31, 2003.

38. Plaintiff Inergi's POWERBELT mark was distinctive at the time Defendant John Daly Enterprises registered its johndalypowerbelt.com domain name.

39. Defendant John Daly Enterprises use of Plaintiff Inergi's POWERBELT mark in its johndalypowerbelt.com domain name demonstrates a bad faith intent to profit from the goodwill associated with Inergi's mark.

40. Plaintiff Inergi has been injured by Defendant John Daly Enterprises' registration and use of a domain name incorporating Inergi's POWERBELT mark and has no adequate remedy at law for such injury.

## COUNT IV
## DILUTION OF FAMOUS MARK UNDER 15 U.S.C. § 1125(c)

41. Plaintiff Inergi hereby adopts and incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein.

42. Within the exercise and fitness industry, Plaintiff Inergi's registered POWERBELT mark has become famous, and as such, has become associated with Plaintiff Inergi.

43. Defendant John Daly Enterprises' wrongful use of the mark "Powerbelt" has caused, is causing, and will continue to cause derogation of the rights protected under 15 U.S.C.

7

§ 1125(c).

44. Plaintiff Inergi has been injured by such dilution of its famous mark and has no adequate remedy at law for such injury.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

45. Plaintiff Inergi hereby adopts and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein.

46. The acts complained of herein are in violation of the laws of the State of Michigan and constitute acts of unfair competition thereunder.

WHEREFORE, the plaintiff, Inergi, L.L.C., d/b/a Inergi Fitness, respectfully requests that:

(A) Inergi's POWERBELT mark be found to be valid and subsisting;

(B) John Daly Enterprises' use of the mark "Powerbelt" be found to be an infringement of Inergi's rights in its mark;

(C) John Daly Enterprises, its employees, servants, agents, and all others acting in concert with them, be enjoined, both preliminarily during the pendency of this litigation as well as permanently thereafter, from using the mark "Powerbelt", or any other mark which is a colorable imitation thereof, in such a manner that there is likelihood of confusion as to the source of the goods or services which the public associates with Inergi, including, *inter alia*, any website, metatag, link, catalog, or in any fashion whatsoever;

(D) John Daly Enterprises, its employees, servants, agents, and all others

acting in concert with them, be enjoined from otherwise competing unfairly with Inergi through use of the mark "Powerbelt", or any other colorable imitation thereof, which is likely to cause a false designation or false association between the goods and services of John Daly Enterprises and those of Inergi, or otherwise unfairly competing with Inergi;

(E)  John Daly Enterprises be directed to file with this Court and serve on Inergi within thirty (30) days after service of an order enjoining John Daly Enterprises as described above, a report in writing and under oath setting forth in detail the manner and form in which John Daly Enterprises has complied with the injunction;

(F)  John Daly Enterprises be ordered to account for and pay over to Inergi all profits, gains, and advantages, wrongfully realized by John Daly Enterprises in association with those acts which constitute infringement of Inergi's rights as described above and that such determined amount be trebled as provided in the statute;

(G)  John Daly Enterprises be required to pay Inergi's costs, expenses, and reasonable attorney fees, incurred in connection with this action as provided under 15 U.S.C. §1117, as this is an "exceptional case" within the meaning of that section, along with pre-judgement interest commencing from the date of service of this Complaint;

(H)  John Daly Enterprises be required to deliver up for impoundment or destruction, all materials in its possession which bear or display the mark "Powerbelt", or any colorable imitation thereof which is likely to cause confusion or false designation of origin with the marks owned by Inergi, and the goods and services associated therewith, together with any and all plates, negatives, or other items of reproduction capable of use in printing, reproducing, or duplicating Inergi's mark or any colorable imitation thereof;

    (I)  John Daly Enterprises immediately cause to be removed from the Internet, whether in a website, as a metatag, or as part of a search engine, any reference to the mark "Powerbelt" or any colorable imitation thereof;

    (J)  John Daly Enterprises immediately cease any and all use of the mark "Powerbelt", or any colorable imitation, in any Internet search engine; and

    (K)  Inergi be awarded such other and further relief as the Court deems appropriate under the circumstances.

              Respectfully Submitted,

              TOM J. BERMAN

              By: Tom J. Berman (P67595)
              30833 Northwestern Hwy, Suite 121
              Farmington Hills, MI 48334
              (248) 626-3966

Dated: November 14, 2005

10

**(Rev. 11/04)**    **CIVIL COVER SHEET** County in which this action arose ORIGINAL Wayne County

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS:** Inergi LLC d/b/a Inergi Fitness
**DEFENDANTS:** John Daly Enterprises, LLC

**(b) County of Residence of First Listed Plaintiff:** Martin County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant:** Palm Beach County, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number):**
Tom J. Berman
30833 Northwestern Hwy Ste. 121
Farmington Hills, MI 48334  (248) 626-3225

**Attorneys (If Known):** 05-74551

BERNARD A. FRIEDMAN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION:** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. § 1051 et seq. of the Lanham Act
Brief description of cause: Trademark violation/infringement

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE:** 12-1-05

**SIGNATURE OF ATTORNEY OF RECORD:** /s/ Tom J. Berman

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____